Enochs v. Wilson.

ANN E. ENOCHS v. JOHN W. WILSON et al.

1. HOMESTEAD. Mortgage. A wife, who joins her husband in convey-
ing the land on which they have a homestead right of the value pre-
scribed by law, cannot afterwards claim a homestead in another part
of the same tract of land previously mortgaged by the husband.

2. CHANCERY PLEADINGS AND PRACTICE. Interlocutory order. Appeal.
Supersedeas. An order appointing a receiver for the purpose of taking
possession of property in litigation, and managing it for the interest
of all parties, is in its very nature interlocutory, no matter at what
stage of the case it may be made, can neither be appealed from
directly nor superseded under the special provisions of the Code
authorizing the supersedeas of certain interlocutory orders. But such
an order is brought up by a general appeal on final hearing, and
will remain in force if executed, and may be executed by this court,
upon application, either directly, or by procedendo to the court below.

3. BOND. To what extent not binding. The provisions of a bond executed
in the progress of a cause beyond the requirements of the law or the
fiat of the judge are not binding.

---

FROM DYER.

---

Appeal from the Chancery Court at Dyersburg.
JOHN SOMERS, Ch.

HILL & WILLIAMSON and PARKS for complainant.

LATTA & MARSHALL for defendants.

COOPER, J., delivered the opinion of the court.

James W. Enochs, the husband of the complainant,
Ann E. Enochs, early in the year 1870, bought from
one person a tract of land of 146 acres, and from
another person an adjoining tract of land of 100 acres.

He resided with his wife and children on the tract of land of 146 acres, the two tracts constituting one farm, although the tract of 100 acres was, it seems, usually rented out to tenants. On January 5, 1876, James W. Enochs conveyed the tract of 100 acres to the defendant John W. Wilson, in trust to secure a note of the said Enochs executed on the same day to P. E. Wilson for about $1,585, bearing interest at the rate of ten per centum per annum. The trustee was authorized, upon default in payment of the note and interest, to sell the land in satisfaction of the debt for cash. The land thus conveyed was worth about twenty dollars an acre, and the residue of the land of Enochs was of equal or greater value. Afterwards, on February 23, 1876, Enochs sold and conveyed to M. O. King ten acres of the land reserved. On March 20, 1876, Fnochs and wife conveyed seventy acres more of the land reserved to one Segroves for the benefit of certain creditors. On March 23, 1877, Enochs sold and conveyed the residue of his land, including the improvements in which he resided with his family, to H. Fuller, his wife's father, for the consideration of $2,000. The deed purports to be by James W. Enochs, but it is signed by his wife, and her privy examination is taken to its execution. The evidence leaves little doubt that this conveyance was without consideration and made to hinder and delay the creditors of James W. Enochs. He and his family continued to reside upon the land as before. He afterwards went into voluntary bankruptcy, and received the usual bankrupt discharge.

John W. Wilson, the trustee under the deed of assignment made to secure the debt to P. E. Wilson, undertook to foreclose that deed by a sale of the land in accordance with the power conferred, no part of the debt having been paid. Thereupon, the original bill in this cause was filed, February 14, 1878, by Ann E. Enochs, the wife of James W. Enochs, against her husband, John W. Wilson and P. E. Wilson to enjoin the sale of land by the trustee, and assert her right to a homestead therein. The Wilsons answered, and filed their answer as a cross-bill to have a sale of the land under the trust deed. Upon final hearing, the chancellor dismissed the original bill, and granted the relief prayed by the cross-bill. The original complainant, Ann E. Enochs, appealed.

The chancellor's decree was undoubtedly correct. The husband of the complainant, as the head of a family, had the right by his own conveyance, without the wife joining therein, to make a valid mortgage or trust assignment of a part of the farm on which he was living, provided he retained a sufficiency of land with the improvements thereon in which he was living to constitute a homestead exemption. And if the wife afterwards join the husband in mortgaging or conveying the homestead reserved, she cannot claim a homestead in the land previously mortgaged by the husband alone: *Hildebrand* v. *Taylor*, 6 Lea, 659. The land finally sold to the complainant's father with her assent, she signing and acknowledging the execution of the deed privily and apart from her husband, and on which the homestead improvements were located,

was worth more than the value of the homestead allowed by law. She had clearly no claim to homestead in the land conveyed to Wilson, and her bill was properly dismissed.

The chancellor, upon final hearing, being satisfied that the land conveyed in trust was not worth the amount of the debt secured and that the debtor was utterly insolvent, appointed a receiver to take charge of and rent out the property pending further litigation, and until the land was sold under the decree and the sale confirmed. And he ordered a writ of possession to issue to put the receiver in possession of the land "notwithstanding any appeal prayed or granted to the Supreme Court." These orders were embodied in the final decree. The complainant, Ann E. Enochs, by next friend, prayed and obtained an appeal from this decree upon giving bond with security for costs, which was done. Afterwards, upon application by her to one of the judges of this court, a *supersedeas* was granted to supersede the order appointing a receiver, "upon the petitioner giving bond with security as required by law."

Upon this state of facts, the complainants in the cross-bill now move the court to discharge the *supersedeas* thus granted, and to grant them a recovery of the damages sustained by the *supersedeas* upon the bond executed in this court in conformity with the fiat of the judge granting the *supersedeas.*

There can be no doubt that in a proper case a receiver may be appointed at the hearing, and as a part of the final decree: High on Rec. sec. 109; *Merrill* v.

*Elam,* 2 Tenn. Ch., 513.   Ordinarily, the appointment of a receiver is by interlocutory order, for the safe keeping of the property, and no *supersedeas* will lie to its execution under the Code, sec. 3933: *Bramley* v. *Tyree,* 1 Lea, 531 ; *Roberson* v. *Roberson,* 3 Lea, 50. The same is true of an order granting a temporary injunction : *McMinnville & Manchester Railroad Company* v. *Huggins,* 7 Cold., 218.   So of an order dissolving an injunction : *Park* v. *Meek,* 1 Lea, 78. But when the dissolution of an injunction is the consequence of a final decree, an appeal would continue the injunction: *Kearney* v. *Jackson,* 1 Yer., 294. The appeal from a final decree in chancery would not affect the functions of a receiver appointed by interlocutory order who has gone into possession of property under it : High on Rec., sec. 29.   But the effect of such an appeal upon the appointment of a receiver embodied therein, or made after the final decree, seems never to have been definitely determined.

In *Merrill* v. *Elam,* 2 Tenn. Ch.. 513, the debtor defendant appealed from a final decree confirming a sale of his land under previous decrees.   Upon application of the purchaser, who was also the complainant, and it appearing that the defendant was in possession of the land and insolvent, the chancellor appointed a receiver, first setting aside the order granting an appeal, and then giving the defendant permission to change the prayer of appeal so as to include the order appointing the receiver.   This court, upon appeal, discharged a *supersedeas* of the order granted by one of the judges, and issued a

mandate to the chancery court, in the nature of a *procedendo*, "that the execution of the decree as to the issuance of a writ of possession be proceeded with": *Payne* v. *Baxter*, 2 Tenn. Ch., 519. In *Hoge* v. *Hollister*, 8 Baxt. 533, where a similar order had been made by the chancellor for a receiver after a decree ordering the sale of realty, this court on appeal superseded the order upon the ground that the appellant, who claimed a homestead right in the lot in controversy, ought not to be deprived of the possession pending litigation. Both of these cases seem to concede the power of the chancellor to appoint a receiver after final decree, and while the suit is yet in his court, but recognize the right of this court to supervise his action when the case has been brought up by appeal.

An order appointing a receiver merely for the purpose of taking possession of property in litigation, and managing it for the interest of all parties, is in its very nature interlocutory, no matter at what stage of the cause it may be made. All of the courts of this State, and the judges thereof, are clothed with the power to appoint receivers "for the safe keeping, collection, management and disposition of property in litigation," whenever necessary to the ends of substantial justice: Code, secs. 3768, 3948. Such an order can neither be appealed from directly, nor superseded under the special provisions of the Code authorizing the *supersedeas* of certain interlocutory orders: Code, sec. 3933. Such orders, as well as all other proceedings in a chancery cause, are brought up for

revision by a general appeal, but remain in force unless otherwise ordered by this court. If any action of the court is required for their execution, the application must be made in such a case to this court, which will either proceed directly or authorize the court below to act.

In the case before us, the order appointing a receiver was superseded by the fiat of one of the Judges of this court. He granted the fiat upon the ground that the appeal, which was general, brought up the entire case, as it certainly did. The appellees might have tested the question of their right to a receiver either by moving to dismiss the *supersedeas,* as was done in *Merrill* v. *Elam* and *Hoge* v. *Hollister,* or by asking this court to execute the order of appointment. They did neither, but allowed the order to remain unexecuted. The only bond demandable from the appellant in this case, treating the appeal as bringing up the unexecuted order appointing a receiver, was a bond for costs. The fiat of the judge does not prescribe the conditions of the bond. The bond actually given under the order of *supersedeas* was broader, but its provisions beyond the requirements of the law and the fiat of the judge were not binding: *Ranning* v. *Reeves,* 2 Tenn. Ch., 263.

The decree below will be affirmed. The costs of this court and the chancery court will be paid by the next friend of the original complainant.